UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW,<br><br>        Plaintiff,<br><br>v.<br><br>DUCH, *et al.*,<br><br>        Defendants. | Case No. 2:17-cv-01213-JAM-JDP (PC)<br><br>ORDER DENYING MOTION TO COMPEL DEPOSITION AS MOOT AND RECOMMENDING THAT PLAINTIFF'S MOTION TO AMEND BE DENIED<br><br>ECF Nos. 43, 48 |

Plaintiff Lisa Marie Belyew brought this action on June 9, 2017 and alleged that defendants violated her Fourteenth Amendment rights by making noise to deprive her of sleep while she was a pre-trial detainee. ECF No. 14 at 2. In November 2019, Judge Brennan[1] issued a scheduling order that directed the parties to complete discovery by April 10, 2020. ECF No. 22 at 4. Any amended complaint was to be filed by April 10, 2020. *Id.* Two motions are now pending. The first, filed by defendants to compel plaintiff to sit for her deposition, is now acknowledged to be moot and will be denied as such. *See* ECF No. 49 at 4 (stating that, since this motion was filed, plaintiff sat for her deposition). The second, filed by plaintiff to amend her complaint, should be denied.

Where, as here, a request to amend comes after the deadline set by the scheduling order, it

---

[1] This case was reassigned to me on October 1, 2020. ECF No. 37.

1

is Rule 16 of the Federal Rules of Civil Procedure—not the more permissive Rule 15—that controls. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15."). Under Rule 16, a party must show good cause for not moving to amend within the deadline. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Plaintiff has not made that showing here.

As mentioned above, Judge Brennan's scheduling order directed that any amendment be filed by April 10, 2020. Plaintiff did not file her motion to amend until April 9, 2021. ECF No. 48. In that motion, she argues that new claims have arisen since her return to Butte County Jail in February 2021. *Id.* at 1-2. These new claims, as defendants correctly argue, fall outside the scope of this case. If plaintiff wishes to litigate them, she may file a new action. Discovery has closed in this case and should not be reopened. This case was brought in June 2017 and the claims raised herein should be progressing toward resolution, not expanding.

Accordingly, it is ORDERED that defendants' motion to compel, ECF No. 43, is denied as moot.

Further, it is RECOMMENDED that plaintiff's motion to amend, ECF No. 48, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: June 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE