1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA BELYEW,                              Case No.   2:17-cv-01213-JAM-JDP (PC)

12                  Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                               THAT DEFENDANTS' MOTION FOR
13          v.                                 SUMMARY JUDGMENT BE GRANTED

14   A. DUCH, et al.,                          ECF No. 53

15                  Defendants.                OBJECTIONS DUE WITHIN FOURTEEN
                                               DAYS
16
                                               ORDER THAT PLAINTIFF'S MOTION FOR
17                                             AN EXTENSION OF TIME TO FILE A
                                               SUPPLEMENTAL RESPONSE BE DENIED
18
                                               ECF No. 71
19

20          Plaintiff Lisa Belyew is a state prisoner proceeding without counsel in this civil rights

21   action brought under 42 U.S.C. § 1983.  She alleges that, during her confinement in the Butte

22   County Jail—from December 24, 2016, to September 21, 2017, and from November 20, 2017, to

23   April 12, 2018—several prison officials slammed doors in her housing unit in retaliation for her

24   having filed grievances and lawsuits.  ECF No. 11 at 4.  She complains that this "sadistic

25   technique" deprived her of sleep, caused headaches, and triggered her post-traumatic stress

26   disorder.  Id.  In a May 2019 screening order, the court found that plaintiff's allegations stated a

27   potentially cognizable claim of unconstitutional conditions of confinement under the Fourteenth

28   Amendment against defendants Moreland, Callas, Smith, Trott, and Webber.  ECF No. 14.  The

                                               1

1    court also found that defendants Duch and Jones, both captains at the Butte County Jail, were

2    potentially liable for their failure to supervise.  *Id.*

3          Defendants have filed a motion for summary judgment, arguing that plaintiff failed to

4    exhaust her administrative remedies before filing this suit.  ECF No. 53.  I agree and recommend

5    granting defendants' motion for summary judgment.

6          Plaintiff also filed a request for an extension of time to file a response to defendants'

7    supplemental reply brief.  ECF No. 71.  For the reasons below, I find that she has not shown

8    adequate cause, and I order that this request be denied.

9                                     **Legal Standard**

10         A motion for summary judgment will be granted only when "the pleadings, depositions,

11   answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

12   there is no genuine issue as to any material fact and that the moving party is entitled to a

13   judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R.

14   Civ. P. 56.  The moving party bears the burden of establishing that there is no genuine issue of

15   material fact.  *See Celotex*, 477 U.S. at 322-23.  If the moving party meets that burden by

16   "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed.

17   R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts

18   showing that such contradiction is possible."  *British Airways Bd. v. Boeing Co.*, 585 F.2d 946,

19   950-52 (9th Cir. 1978).

20         Each party's position must be supported by (1) citations to particular portions of materials

21   in the record, including but not limited to depositions, documents, declarations, or discovery; or

22   (2) argument showing that the materials cited do not establish the presence or absence of a

23   genuine factual dispute or that the opposing party cannot produce admissible evidence to support

24   its position.  *See* Fed. R. Civ. P. 56(c)(1).  The court can consider other materials in the record not

25   cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San*

26   *Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo*

27   *County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

28         The court must apply standards consistent with Rule 56 to determine whether the moving

2

1    party has demonstrated there to be no genuine issue of material fact and that judgment is

2    appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

3    "[A] court ruling on a motion for summary judgment may not engage in credibility

4    determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

5    2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

6    nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

7    *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

8    198 F.3d 1130, 1134 (9th Cir. 2000).

9                                                **PLRA Exhaustion**

10           Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

11   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

12   confined in any jail, prison, or other correctional facility until such administrative remedies as are

13   available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court has made clear that "[t]he

14   benefits of exhaustion can be realized only if the prison grievance system is given a fair

15   opportunity to consider the grievance," and further noted that "[t]he prison grievance system will

16   not have such an opportunity unless the grievant complies with the system's critical procedural

17   rules." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).  In this case, the grievance system of the Butte

18   County Jail is applicable.  *See* ECF No. 53-4 at 67-79.  The PLRA recognizes no exception to the

19   exhaustion requirement, and the court may not recognize a new exception.  *See Ross v. Blake*, 136

20   S. Ct. 1850, 1862 (2016).  The one significant qualifier is that "the remedies must indeed be

21   'available' to the prisoner."  *Id*. at 1856.

22           As an initial matter, defendants have shown that Butte County Jail has an available

23   grievance system.  The Butte County Jail handbook—which was provided to plaintiff—describes

24   the process for filing and appealing administrative remedies.  *See* ECF No. 53-4 at 23-24, 67, 77-

25   79.  If a detainee is dissatisfied with the disposition of a grievance, he or she is instructed to check

26   a box on the grievance form indicating that it has not been satisfactorily resolved.  *Id.* at 77-78.

27   To exhaust available remedies at the Butte County Jail, a detainee must appeal a grievance

28   through three levels of review.  *Id*.

                                                          3

1    I find that plaintiff did not exhaust her available administrative remedies before filing suit.

2    Plaintiff filed two grievances—Inmate Grievance Forms 17-0552 and 17-0758—in which she

3    complained of prison officials slamming doors and creating excessive noise. *Id.* at 70, 93. Both

4    grievances were administratively closed at the first level of review because they were vague and

5    lacked necessary information like the date, time, and names of the offending officers. *Id.*

6    Defendants attest that plaintiff neither appealed these decisions nor filed new grievances

7    correcting the identified deficiencies. *Id.* The two exhibited grievance forms corroborate this

8    claim: the spaces designated for second- and third-level reviews are blank, and plaintiff appears

9    not to have checked the boxes indicating her dissatisfaction with the outcome of the first-level

10   review. *Id.* at 101, 104. The record indicates that plaintiff filed no other relevant grievances.

11   Accordingly, defendants have met their initial burden of demonstrating that plaintiff failed to

12   exhaust her administrative remedies.

13   In her November 8, 2021, opposition, plaintiff contends that she "exhausted [her]

14   administrative remedies on multiple claims against the various defendants." ECF No. 69; *see*

15   *also* ECF No. 63. Plaintiff has not, however, provided sufficient evidence to support this claim.

16   She neither identifies other relevant grievances nor points to a record of appealing either 17-0552

17   or 17-0758; indeed, she does not even specifically claim that these grievances were appealed. *See*

18   ECF Nos. 63, 69. Such vague and conclusory assertions are insufficient to rebut defendants'

19   showing. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A

20   conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is

21   insufficient to create a genuine issue of material fact.").

22   Plaintiff could be understood as arguing that her failure to exhaust should be excused on

23   the grounds that the appeals process was not "available as a practical matter." *Williams v.*

24   *Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations omitted). In plaintiff's sworn

25   response to defendants' statement of undisputed facts, she wrote, "I'm not 'allowed' to check a

26   box that I'm not satisfied and there is no appeal process for a denied grievance that I'm aware of."

27   *See* ECF No. 58 at 6. This raises the question of whether the administrative process was "so

28   opaque that it [was], practically speaking, incapable of use." *Ross*, 136 S. Ct. at 1859. The

4

1    record demonstrates, however, that plaintiff successfully exhausted other grievances; and, in

2    response to a request for admissions, she admitted both that Butte County Jail provided access to

3    the inmate grievance procedures and that she was aware of the "inmate grievance process." *See*

4    ECF No. 53-4 at 129, 148, 164. Since plaintiff has not pointed to other evidence that the system

5    was incapable of use, she has not shown that her failure to exhaust should be excused. *Cf.*

6    *Williams*, 775 F.3d at 1191 (holding that a plaintiff met her burden of showing that further

7    appeals were not available by attesting that two prison officials expressly refused to file her

8    appeals). Accordingly, I find that plaintiff did not exhaust her administrative remedies before

9    filing suit and recommend granting summary judgment to defendants.[1]

10                                      **Motion for Extension of Time**

11          Defendants filed their motion for summary judgment on July 9, 2021. ECF No. 53.

12    Plaintiff requested, and the court granted, a sixty-day extension to file an opposition. *See* ECF

13    Nos. 57, 59. Shortly thereafter, plaintiff filed an additional motion for an extension, seeking an

14    additional 180 days to respond to defendants' motion. ECF No. 60. While that request was

15    pending, plaintiff filed an opposition to defendants' motion for summary judgment, ECF No. 63,

16    and defendants filed their reply, ECF No. 64, in response to which plaintiff filed an additional

17    motion for an extension, ECF No. 66. Although plaintiff failed to demonstrate good cause for

18    either requested extension and had already had over three months to prepare her response, I

19    granted her a brief extension—until December 6, 2021—to complete her supplemental

20    opposition. ECF No. 68. I cautioned plaintiff that, absent a showing of extraordinary cause, no

21    further extensions would be granted. *Id*. at 2. On November 8, 2021, plaintiff filed her

22    supplemental opposition to defendants' motion for summary judgment, ECF No. 69, and

23    defendants filed a supplemental reply, ECF No. 70. Finally, on December 6, 2021, plaintiff filed

24    a new motion seeking yet another extension, this time to file a sur-reply to defendants'

25    supplemental reply, ECF No. 71; this motion is now before the court.

26          Eastern District Local Rule 230(*l*) requires a non-moving party to file an opposition not

27    _____

28          [1] Because I find that plaintiff failed to exhaust her administrative remedies, I do not
      address defendants' arguments on the merits.

                                                  5

1   more than 21 days following the service of a motion for summary judgment.  The moving party

2   may, if necessary, file a reply within seven days after the opposition is filed, after which the

3   motion is ordinarily regarded as fully briefed.  *Id*.  Plaintiff contends that she was unable to fully

4   brief her response to defendants' supplemental reply brief because her access to legal materials

5   was limited by a ten-day placement in administrative segregation and, for part of the month of

6   November, a Covid-related quarantine.  ECF No. 71.  Plaintiff has already had nearly six months

7   to respond to defendants' motion for summary judgment, and during this time she has filed two

8   oppositions.  She neither explains why these oppositions are insufficient nor provides any other

9   reason why she should be granted leave to file a sur-reply to defendants' supplemental reply brief,

10   in contravention of Local Rule 230(*l*).[2]  *See id*.  She certainly has not made a showing of

11   extraordinary cause such as would merit an additional thirty-day extension.

12           Accordingly, it is hereby ORDERED that plaintiff's motion for an extension of time, ECF

13   No. 71, is denied.

14           Further, it is hereby RECOMMENDED that:

15           1.  Defendants' motion for summary judgment, ECF No. 53, be granted.

16           2.  Plaintiff's claims against all defendants be dismissed without prejudice for failure to

17   exhaust administrative remedies.

18           3.  The Clerk of Court be directed to close the case.

19           I submit these findings and recommendations to the U.S. District Judge presiding over the

20   case under 28 U.S.C. § 636(b)(1)(B) and Eastern District Local Rule 304.  Within 14 days of the

21   service of the findings and recommendations, the parties may file written objections to the

22   findings and recommendations with the court and serve a copy on all parties.  Their objections

23   must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

24   presiding district judge will then review the findings and recommendations under 28 U.S.C.

25   § 636(b)(1)(C).

26   _____
        [2] On December 29, 2021, plaintiff filed her proposed sur-reply, ECF No. 72, pending
27   resolution of ECF No. 71.  Out of an abundance of caution, I have reviewed this filing.  It
      contains no new information that would affect my findings and recommendations in the
28   resolution of defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:    January 26, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7